UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDGAR VASQUEZ OROZCO (A-243-007-423),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION CENTER,

Respondent.

No. 1:26-cv-5724 DC CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Edgar Vasquez Orozco (A-243-007-423), an immigration detainee who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

On or about April 22, 2026, petitioner was detained by immigration authorities. (ECF No. 1 at 5.) Petitioner has not been provided with a hearing before a neutral decisionmaker to assess

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

danger or flight risk. (Id. at 1-9.) Respondent does not contest petitioner's factual allegations. (See ECF Nos. 5, 6.)

On July 23, 2026, petitioner filed his verified petition for writ of habeas corpus.[2] (ECF No. 1.) On July 27, 2026, respondent timely filed an opposition to the habeas petition.[3] (ECF No. 5.) On July 31, 2026, respondent filed a reply. (ECF No. 6.) Briefing is complete.

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner raised four claims in his petition. (ECF No. 1 at 6-8.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's fourth claim as challenging his detention as a due process claim under the Fifth Amendment, and not limited to a claim challenging his

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 9.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

[3] Respondent's opposition used the incorrect case number, No. 1:26-cv-05742 KES HBK, but used the correct caption. (ECF No. 5.)

detention as prolonged. (See ECF No. 1 at 7-8.) The Court also notes that respondent did not address prolonged detention in the response, and is therefore not prejudiced by the Court's construction. (See ECF No. 5.) Respondent does not argue that petitioner is a flight risk or a danger to the community, and instead argue that as an "applicant for admission," petitioner's detention is mandatory under 8 U.S.C. § 1225(b). (ECF No. 5 at 1.) Respondent further does not contend that petitioner has a criminal history. (See ECF No. 5.) Respondent cites Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026), in support of the position that § 1225(b) is applicable here. (Id. at 1-2.) Respondent also argues that petitioner does not possess a right to freedom from immigration detention in any form other than the form provided by Congress. (Id. at 2.)

Respondent concedes that "[t]his case is in the category of immigration habeas cases for which the Court has typically ordered immediate release." (ECF No. 5 at 1.) The Court interprets respondent's concession to refer to the large volume of cases in which this district court has repeatedly rejected respondent's new interpretation[4] of Sections 1225 and 1226, finding that the detention or re-detention of a noncitizen without a pre-deprivation bond hearing violates the Immigration and Nationality Act ("INA") and/or violates due process.

After the petition was fully briefed, the Ninth Circuit decided this issue in Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Respondent then filed a reply, acknowledging Rodríguez Vasquez and stating that petitioner is entitled to seek a custody redetermination before an immigration judge, but maintaining the position that § 1225(b)(2) governs petitioner's detention. (ECF No. 6 at 1.) In Rodriguez Vazquez, the Ninth Circuit rejected respondent's argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at *3. The majority of courts nationwide agree, rejecting respondent's new interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v.

[4] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022).

Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondent's arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, pursuant to Rodriguez Vazquez and based on respondent's concession, the Court recommends granting the petition and ordering petitioner's immediate release.

**IV. PETITIONER'S REMAINING CLAIMS**

In his petition, petitioner also raised claims concerning his financial obligations and the conditions of confinement (claims one through three). (ECF No. 1 at 6-7.) Because the Court recommends granting the petition on the statutory claim (claim four), the Court need not address any additional claims (claims one through three) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count);

Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim four.

**V. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on claim four.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on claim four.
2. Respondent be ordered to IMMEDIATELY release petitioner Edgar Vasquez Orozco (A-243-007-423) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondent has custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondent shall return those to petitioner at the time of release.
3. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).
4. Given petitioner's pro se status, respondent be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of

the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 14, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/vasq5724.imm.157.RELEASE